UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TASHA N. COMPTON,
    Individually and on behalf
    of all others similarly situated,

        Plaintiff,                    Case No. 2:12-cv-858
                                       JUDGE GREGORY L. FROST
    v.                                 Magistrate Judge Elizabeth P. Deavers

FRISCH'S RESTAURANTS, INC.
    a/k/a Frisch's Big Boy,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's motion to dismiss and to compel arbitration (ECF No. 7), Plaintiff's memorandum in opposition (ECF No. 10), and Defendant's reply memorandum (ECF No. 11).   For the reasons that follow, this Court finds the motion well taken.

**I.   Background**

According to the complaint, Defendant, Frisch's Restaurants, Inc., operates Frisch's Big Boy restaurants in Ohio, Kentucky, Indiana, Pennsylvania, and West Virginia.   Plaintiff, Tasha N. Compton, previously worked as a server a Frisch's Big Boy in Columbus, Ohio.   She alleges that Defendant routinely manipulated the hours worked by Frisch's Big Boy wait staff so that wait staff were not paid for all of their hours worked, including overtime.   Plaintiff also alleges that Defendant impermissibly paid tipped employees less than sub-minimum hourly wages without complying with requirements of the FLSA's tip-credit provisions (*e.g.*, by requiring tipped employees to perform non-tipped work in excess of the work percentages permitted).   On

1

September 18, 2012, Plaintiff filed the instant case. The case presents a collective action for unpaid wages, overtime, and minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 291, *et seq.*, and a class action for minimum wage violations under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code § 4111,01, *et seq.* (ECF No. 1 ¶¶ 53-77.)

By motion, Defendant seeks for this Court to dismiss the action while the parties' dispute proceeds to compelled arbitration. To support its motion, Defendant directs this Court to an April 1, 2010 arbitration agreement that Plaintiff signed when she began working for Defendant. This agreement provides:

> Unless stated otherwise in this Agreement, Frisch's and you agree to arbitrate all claims for which a court otherwise would be authorized to grant relief, which in any way arise out of or relate to your employment, or the termination of your employment, with Frisch's. This includes all claims that Frisch's may have against you or that you may have against Frisch's, including claims that predate this Agreement or arise after your employment ends. This further includes all claims regarding compensation due; breach of contract or promise; tort claims; harassment or discrimination claims, such as those based on race, sex, religion, national origin, age, handicap, disability; claims for benefits (except as excluded in paragraph "C"); and claims for violation of any federal, state or local constitution, statute, ordinance or regulation, or the common law.

(ECF No. 7-3, at PAGEID # 43 § B.) The agreement also states that it "survives your employment with Frisch's, and applies to claims that arise during or after your employment." (ECF No. 7-3, at PAGEID # 44 § F.) Last, the agreement provides that "[n]either you nor Frisch's will file any lawsuit, which relates in any way to a claim that is covered by this Agreement" and that "[e]ither party may ask an appropriate court to compel arbitration or for an order enforcing an arbitration award." (ECF No. 7-3, at PAGEID # 45 § F.)

Plaintiff opposes arbitration. The parties have completed briefing on the motion to

2

dismiss and to compel arbitration, which is ripe for disposition.

## II.  Discussion

### A.  Standard Involved

The Sixth Circuit has explained the inquiry related to a motion to dismiss and to compel arbitration as follows:

> When considering a motion to stay proceedings and compel arbitration under the [Federal Arbitration] Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000) (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)).   The court of appeals has also held that "[a]ll doubts regarding arbitrability of an issue must be resolved in favor of arbitration" in light of "the strong policy favoring arbitration, as mandated by the Federal Arbitration Act."  *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 383 F. App'x 517, 520 (6th Cir. 2010).

### B.  Analysis

The parties do not dispute that the arbitration agreement exists or that some but not all of the claims involved in this litigation may be subject to arbitration.   Rather, the parties' dispute essentially focuses more on two core issues: whether the arbitration agreement covers the claims at issue here and whether Congress intended the collective action FLSA claims to be nonarbitrable.

Plaintiff argues that arbitration is not appropriate when applied to FLSA collective actions and that arbitration would defeat the statutory objectives of the FLSA in this context.   The Court rejects both propositions based on the rationale of *Owen v. Bristol Care, Inc.*, 702 F.3d 1050 (8th

3

Cir. 2013).  In *Owen*, the Eighth Circuit addressed whether a district court had erred in denying a motion to compel arbitration of FLSA claims.  The plaintiff in that case had brought FLSA claims on behalf of other similarly situated current and former employees.  *Id.* at 1051.  Like the agreement *sub judice*, the *Owen* arbitration agreement reached "claims for wages or other compensation," which included "claims for violation of any federal ... statute."  *Id.*  Unlike the arbitration agreement involved in this action, the *Owen* agreement "contain[ed] a waiver that prohibit[ed] the parties 'from arbitrating claims subject to [the] Agreement as, or on behalf of, a class' (the 'class waiver')."  *Id.*  After considering the scope of the Federal Arbitration Act ("FAA"), the text and legislative history of the FLSA, and the relevant case law from numerous circuits, the Eighth Circuit held that "arbitration agreements containing class waivers are enforceable in claims brought under the FLSA."  *Id.* at 1055.  Accordingly, the Eighth Circuit reversed and directed the district court upon remand to compel arbitration.  *Id.*

This Court agrees with the reasoning discussed in *Owen*, which the Court adopts and incorporates by reference.  *See also Vilches v. The Travelers Cos., Inc.*, 413 F. App'x 487, 494 n.4 (3d Cir. 2011) ("Indeed, there is no 'suggestion in the text, legislative history, or purpose of the FLSA that Congress intended to confer a nonwaivable right to a class action under that statute.' " (quoting *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002))).  *Owen*'s reasoning proves dispositive of much of Plaintiff's argument against compelled arbitration.  If an explicit class waiver does not defeat compelled arbitration, then Frisch's arbitration agreement, which arguably provides an implicit class waiver, cannot logically preclude compelled arbitration of the claims here.

In addition to asserting that arbitration would strip workers of substantive rights conferred

4

by the FLSA, Plaintiff also argues that arbitration is inappropriate because it is not an effective or adequate substitution for a court case. Thus, Plaintiff posits, arbitration would deter Plaintiff and other potential litigants from pursuing their rights under the FLSA. This is a policy argument that targets Congress, the entity that enacted both the FAA and the FLSA, and not this Court. The legislature is involved in policymaking; the judiciary is not similarly involved. Plaintiff's policy-based argument proves unpersuasive.

The Court emphasizes that the foregoing only answers *whether* to compel arbitration, not *what type* of arbitration is appropriate. That latter issue is for an arbitrator to address. *See Gonzales v, Brand Energy & Infrastructure Servs., Inc.*, No. H-12-1718, 2013 WL 1188136, at *4-5 (S.D. Tex. Mar. 20, 2013.

This leaves for discussion Plaintiff's contention that the arbitration agreement is simply not enforceable under Ohio law. Plaintiff asserts that the arbitration agreement fails due to duress and unconscionability. She contends that because employment with Defendant is not possible without signing the arbitration agreement, the low-paid workers who signed the agreement did so under duress. Plaintiff also argues that the arbitration agreement is unconscionable because the circumstances surrounding her signing the agreement were so unfair that no requisite voluntary meeting of the minds took place. Additionally, Plaintiff argues that the cost sharing provision of the arbitration agreement is unconscionable because it places too much of an economic burden on the workers and that it will deter employees from pursuing their FLSA rights.

These arguments are not persuasive. Plaintiff essentially asks this Court to recognize a *per se* rule of duress or unconscionability, but context matters. Unfortunately for Plaintiff, she also asks this Court to simply take her word for it on each and every contention she makes,

5

regardless of an her often curious lack of specificity, regardless of any apparent leaps in logic (*e.g.*, the maximum employee exposure in paying the arbitrator is $250.00, while this Court's filing fee is $350.00, undercutting the arbitration is too expensive argument), and regardless of the fact that she presents her wholly unsupported assertions only via briefing.   This Court has no basis to accept Plaintiff's factual contentions as true.   Actual evidence would have helped the analysis. *See Scovill v. WSYX/ABC*, 425 F.3d 1012, 1017-18 (6th Cir. 2005) (applying Ohio law).

Having concluded that arbitration is warranted, the Court elects to dismiss as opposed to simply stay this litigation.   *See Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009); *Hensel v. Cargill, Inc.*, 198 F.3d 245, 1999 WL 993775, at *4 (6th Cir. 1999) (unpublished table decision).

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and to compel arbitration.   (ECF No. 7.)   This Court **DISMISSES** the action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

        /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE